16 F.3d 1223
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 UNITED STATES of America, Plaintiff-Appellant,
v.
James M. SPEAR, Defendant-Appellee.
 No. 93-3404.
 United States Court of Appeals, Sixth Circuit.
 Feb. 4, 1994.
 
 Before: GUY and SILER, Circuit Judges; and CHURCHILL, Senior District Judge.*
 PER CURIAM.
 
 
 1
 The plaintiff, United States of America, appeals the sentence imposed after the defendant pled guilty to two counts of armed bank robbery. The issue raised in this appeal is whether the district court erred in ignoring the career offender provisions of the sentencing guidelines. For the reasons that follow, we vacate and remand.
 
 I.
 
 2
 The facts giving rise to defendant James M. Spear's plea of guilty are not in dispute. Spear was arrested on May 21, 1992, along with co-defendant, Beverly Brown, in Cuyahoga County, Ohio, for armed bank robbery. They were both indicted for two counts of armed bank robbery in violation of 18 U.S.C. Sec. 2113(a) and (d).
 
 
 3
 The presentence report noted that, because Spear had at least seven prior convictions for violent offenses, he met the definition of "career offender" under section 4B1.1, United States Sentencing Guidelines. In addition, it appears the probation officer found that, because the statutory maximum sentence for each count was 25 years or more, the offense level was 34. A two-level reduction for acceptance of responsibility was recommended, which reduced the final offense level to 32. When discussing the sentencing options, however, an offense level of 30 was listed, and, based upon criminal history category VI, the guideline range of imprisonment was calculated at 168 to 210 months. The presentence report also indicated there were no grounds of an aggravating or mitigating nature that would justify a departure from the applicable guideline range.
 
 
 4
 On March 17, 1993, Spear entered a guilty plea to both counts of the indictment. Before pronouncing sentence, the district court gave Spear's counsel an opportunity to speak. The following exchange took place:
 
 
 5
 MR. MANDEL: ... I would ... ask this Court before imposition of sentence on Mr. Spear not to consider this individual a career criminal offender under 4B1.1 under the Guidelines....
 
 
 6
 ....
 
 
 7
 MR. MANDEL: Your Honor, should the Court decide not to consider this man a career criminal offender I would ask the Court to impose, based on the sentence, based on the fact his combined adjusted offense level of the second crime in the indictment is level 25, your Honor, I would ask the Court, number one, to give this man three points for acceptance of responsibility under 3E1.1 of the sentencing guidelines, inasmuch as the defendant's net requirement of both section A and B of 3E1.1 as the offense level, number one, is above a level 16....
 
 
 8
 ....
 
 
 9
 MR. EVANS: Your Honor, the Government's position is that under Section 4B1.1 of the Guidelines this particular defendant is a career offender and, therefore, should be sentence[d] under that section of the guidelines.... The Government concurs and agrees with a minus three points reduction for acceptance of responsibility.
 
 
 10
 ....
 
 
 11
 THE COURT: The Court finds the arguments of the defendant to be well taken, with the exception of the base level. The Court finds the base level at 22. Pursuant to the guidelines you are committed to the custody of the Bureau of Prisons for a period of 105 months to run concurrent with the 15 year sentence imposed in case CR-279489 Common Pleas Court, Cuyahoga County, Ohio.
 
 II.
 
 12
 Although the record is less than clear, it does not appear this is a case of the district court, after considering various factors, choosing to depart from the recommended sentencing range under the guidelines. Rather, it seems the court, without explanation and contrary to the presentence report recommendation, rejected the classification of Spear as a career criminal offender and imposed a sentence that corresponded to the lower offense level. The court's only explanation for this was that it found "the arguments of the defendant to be well taken." Spear's counsel, however, never articulated any reasons to militate against any finding other than that Spear was a career criminal offender. Spear's counsel did no more than make an unsupported request, which the district court granted.
 
 
 13
 In order for there to be meaningful review of a sentence, the findings and reasoning of the district court must be sufficiently specific. Cf. United States v. Kincaid, 959 F.2d 54, 57 (6th Cir.1992). Here, the bench ruling of the district court does not suggest the basis of its decision; there is no indication as to what factors were considered in finding Spear was not a career criminal offender. See, e.g., United States v. Garrett, 712 F.Supp. 1327, 1335 (N.D.Ill.1989) (listing the facts that warranted a departure from the recommended sentencing range), aff'd, 903 F.2d 1105 (7th Cir.), cert. denied, 498 U.S. 905 (1990). On the basis of the record before us, we can only conclude the court erred.
 
 
 14
 The sentence is VACATED and this case is REMANDED for RESENTENCING.
 
 
 
 *
 The Honorable James P. Churchill, United States District Court for the Eastern District of Michigan, sitting by designation